

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Arnold W. Franklin
County Attorney
Atascosa County
Jourdanton, Texas

Dear Sir:
Opinion No. O-6313
Re: Whether a building owned
and used by a Masonic
Lodge is subject to taxa-
tion under the facts
stated.

You have submitted your request for the opinion of this department on the above question based on the following facts:

Pleasanton Lodge No. 283 of Free and Accepted Masons of the County of Atascosa, State of Texas, holds the title to the second or upper story of a two-story building situated in Atascosa County. The bottom story of said building is owned by other parties, but the second or upper story of said building is occupied and used by Pleasanton Lodge No. 283 for the purposes for which the same is chartered, and is also used by the Order of the Eastern Star, a subsidiary of the Masonic Lodge, for lodge purposes and other purposes pursuant to its charter. Such second or upper story is used exclusively by the two last mentioned organizations. Pleasanton Lodge No. 283 is a secret organization with rituals to be performed, the members being carefully selected and its income solely derived from membership fees and initiation fees.

The Lodge is incorporated by virtue of the Articles of Incorporation of the Grand Lodge of Texas Ancient Free and Accepted Masons, pursuant to charter granted it on the 5th day of December, 1900, under the provisions of Chapter 11, Title 21, Revised Civil Statutes of Texas, 1895, as amended, and the purpose clause of the Grand Lodge is "for charitable and benevolent purposes, and to cement bonds of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Arnold W. Franklin,   page 2

good fellowship and brotherly love among its members and ad-
herents, and to practice the art of Ancient Free and Accepted
Masonry as has been done from time immemorial."   Among the
purposes of the Pleasanton Lodge are meetings for Masonic
rituals at regular intervals and out of the fees  derived
from the membership and initiation fees, part remains with
Pleasanton Lodge and the balance goes to the Grand Lodge
above referred to.   The home lodge has no employees and
outside of the money expended by the Grand Lodge for salar-
ies of employees, all money received by them derived from
all sources goes to public charity and to help needy indiv-
iduals.

The conveyance of the property in question to the
Masonic Lodge is in part as follows:

"KNOW ALL MEN BY THESE PRESENTS, That I,
Isaac N. Cooper, surviving partner of the later
firm of Cooper & Bro. and the heir of the de-
ceased estate of the County of Atascosa, State
of Texas, for and in consideration of ten dol-
lars to me paid by G. D. Gilliland, W. M.,
J. S. Fuller, S. W., and J. R. Cook, J. W. of
Pleasanton Lodge No. 283 of Free and Accepted
Masons of the County of Atascosa, State of Texas,
the receipt whereof is hereby acknowledged, have
sold and conveyed, and by these presents do sell,
convey and deliver unto the said J. D. Gilliland,
J. S. Fuller and J. R. Cook and their successors
in office, the right and privilege to build and
hold a second story or room on the rock house
in which I now sell goods, being on lot No.
thirty three (33) in the town of Pleasanton
County and State aforesaid.   Also the right of
way to said second story.   Beginning at the South
East corner of said house and running East Eight
feet and then north fifty feet the entire length
of the house and then Eight feet to the North
East corner of said house and then with the walls
of the house to the beginning."

The habendum clause in the conveyance is similar to
that contained in a general warranty deed.

By the provisions of the conveyance above referred to,
the title to the property in question, that is the second or
upper story of the building, is owned exclusively by Pleasanton
Lodge No. 283.

Honorable Arnold W. Franklin, page 3

Article VIII, Section 2, of the Constitution, provides that the Legislature may, by general laws, exempt from taxation all buildings used exclusively and owned by institutions of purely public charity. Pursuant thereto, the Legislature enacted Article 7150, Section 7, which is as follows:

"Public charities. - All buildings belonging to institutions of purely public charity, together with the lands belonging to and occupied by such institutions not leased or otherwise used with a view to profit, unless such rents and profits and all moneys and credits are appropriated by such institutions solely to sustain such institutions and for the benefit of the sick and disabled members and their families and the burial of the same, or for the maintenance of persons when unable to provide for themselves, whether such persons are members of such institutions or not. An institution of purely public charity under this article is one which dispenses its aid to its members and others in sickness or distress, or at death, without regard to poverty or riches of the recipient, also when the funds, property and assets of such institutions are placed and bound by its laws to relieve, aid and administer in any way to the relief of its members when in want, sickness and distress, and provide homes for its helpless and dependent members and to educate and maintain the orphans of its deceased members or other persons."

Generally speaking, property owned and used exclusively by fraternal associations is exempt from taxation:

(1)   Where the institution makes no gain or profit;

(2)   Where it accomplishes ends wholly benevolent; and

(3)   Where some gratuity from the institution tends to prevent the benefited persons from becoming a burden on the state or society at large.

Honorable Arnold W. Franklin, page 4

In order to determine the question under consideration, it must be decided whether the Masonic Lodge that owns the building is an institution of purely public charity within the intent of the Constitution and statute heretofore mentioned, exempting property from taxation. Whether the Masonic Lodge is a "purely charitable institution" within the intent of the law involves a question of fact.

In view of the facts presented in your letter pertaining to the question considered herein, it is our opinion that the Masonic Lodge is a purely charitable institution within the intent of the law regarding the exemption of property from taxation. Therefore, it is our opinion that the building owned by the Masonic Lodge referred to in your letter is exempt from taxation.

In connection with your question we have carefully considered the cases of Morris vs. Masons, 5 S. W. 519; City of Houston vs. Scottish Rite Benevolent Association, 230 S. W. 978; Masonic Temple Association vs. Amarillo Independent School District, 14 S. W. (2) 126; B. P. O. E. Lodge vs. City of Houston, 44 S. W. (2d) 488, and various other cases, which we do not deem necessary to cite. We do not believe that these cases answer your question because of the different fact situations involved.

In the City of Houston vs. Scottish Rite case, it was agreed that the work done was only partly charitable. In the other cases there were many fact situations entirely different from the facts presented in your inquiry.

As above stated, in view of the constitutional provision and statute exempting property owned and used exclusively by a purely charitable institution from taxation, it is our opinion that the building owned and used by the Pleasanton Lodge No. 283 of Free and Accepted Masons of Atascosa County is not subject to taxation.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:LJ

APPROVED APR 17 1945